```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :    PRELIMINARY/FINAL ORDER OF
                                          FORFEITURE AS TO DEFENDANT
            -v.-                     :    TODD MOELLER'S INTEREST
                                          IN PROPERTY
TODD MOELLER, and                    :
ADAM VITALE,                              06 Cr. 391 (DC)
                                     :
            Defendants.
                                     :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/2007

WHEREAS, on or about May 4, 2006, a three count Indictment, 06 Cr. 391 (DC) (the "Indictment"), was filed charging TODD MOELLER (the "defendant") with participating in a conspiracy to commit e-mail fraud ("spamming") and with substantively committing e-mail fraud by (1) using a protected computer to relay and retransmit multiple commercial electronic mail messages ("spam e-mails") with the intent to deceive and mislead recipients and Internet access services as to the origin of such spam e-mails, and (2) by materially falsifying the header information in multiple spam e-mails and intentionally initiating the transmission of such spam e-mails, in violation of Title 18, Sections 371, 1037(a)(2), 1037(a)(3), 1037(b)(2)(C), and 2;

WHEREAS, on or about June 19, 2007, the defendant, pled guilty to all the charged counts in the Indictment;

WHEREAS, in connection with his guilty plea, the defendant executed an agreement in which he agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1037(c) and Title 21, United States Code, Section 853, a

sum of money equal to $183,304.50, including, but not limited to, the contents of account number 2000023588374, held in the name Via Telecom LLC, or any account(s) to which said funds have been transferred, up to and including $183,304.50, as the proceeds of illegal spamming (collectively, the "Subject Property");

WHEREAS, on or about November 1, 2007, the defendant was sentenced to forfeiture;

WHEREAS, at the time of his sentencing, the defendant explicitly agreed that his forfeiture obligation of $183,304.50 may be satisfied by money, property, or any other assets, in existence at the time of his sentencing, in which the defendant has an interest, as well as money, property, or any other assets, in which the defendant may have an interest in the future ("substitute assets");

WHEREAS, pursuant to 21 U.S.C. § 853(g), the United States is, by virtue of said guilty plea, now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in the Indictment, for which the defendant entered a guilty plea, a forfeiture money judgment in the amount of $183,304.50 shall be entered against the defendant as part of the criminal sentence.

2.  All of the defendant's right, title and interest in the Subject Property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21 U.S.C.§ 853(n).

3.  Pursuant to 21 U.S.C.§ 853(n)(1), the United States Marshal forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Attorney General's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

4.  The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property, which is the subject of this Order of Forfeiture, as a substitute for

published notice as to those persons so notified.

5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C.§ 853(n), in which all interests will be addressed.

7.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk is hereby directed to send copies of this Order to all Counsel of Record.


Dated: New York, New York
       December 21, 2007

                                    SO ORDERED:

                                    [signature]
                                    HONORABLE DENNY CHIN
                                    UNITED STATES DISTRICT JUDGE

4